## MARY D. EARLE *v*. WM. H. CADMUS.

The delivery of a written receipt for goods by a common carrier is, *prima facie*, evidence that the goods were received by him; and his failure either to deliver, or to account for, the goods, is presumptive, in the absence of evidence to the contrary, that they were lost through his negligence.

A condition contained in a common carrier's receipt of a trunk, provided that he would not be liable for " an amount exceeding $50 *upon any article.*" *Held*, that the condition, conceding it to be valid, referred to the separate articles contained in the trunk; and their separate value not exceeding that sum, a recovery might be had for their aggregate value, although the amount exceeds $50.

APPEAL by the defendant from a judgment of the Marine Court at general term.

The plaintiff was a passenger on the steamer Daniel Drew, from Albany to New York. On the arrival of the steamer at New York, one of the servants of the defendant, who was an expressman, came on board the boat, and applied to plaintiff to carry and deliver her baggage. The plaintiff gave the defendant's servant the check for her trunk, which she had received from the baggage master of the steamer, furnished him with the direction for the delivery of the trunk, and paid him his charges, thirty cents. At the same time, the defendant's servant handed to the plaintiff a printed receipt, which, after giving the number of the plaintiff's check, and a list of prices, contained the following clause:

" Cadmus Express will not be liable for merchandise received upon baggage checks, nor for an amount exceeding fifty dollars upon any article, unless agreed to in writing upon this card, and the extra risk paid therefor."

This action was brought to recover the value of the trunk, which was never delivered to the plaintiff. The value of the contents of the trunk was proved to be $338, although no specific article of the contents exceeded $40 in value. At the close of plaintiff's case the defendant's counsel moved to strike out the testimony of the plaintiff as to the value of the contents of the trunk, on the ground that she had been shown on

her cross-examination not to be sufficiently acquainted with the value of such articles to enable her to testify on the subject. The court denied the motion.

The defendant then moved that the complaint be dismissed on the following grounds:

1. There is no proof that the defendant is a common carrier.

2. There is no proof that he has failed or refused to deliver the trunk in question, or its contents, to the plaintiff on demand.

3. There is no proof that the trunk or its contents, or any part thereof, were lost by any neglect on the part of the defendant or his agents.

4. There is no proof of any offer on the part of the plaintiff to return to the defendant the paper check or receipt, containing the contract between the parties, and delivered by the defendant's agent to the plaintiff's agent, on receiving her check for baggage.

The motion being denied, the defendant introduced evidence, showing absence of negligence. The court rendered judgment for the plaintiff for $355.94.

*Everett P. Wheeler*, for appellant, cited on the point that defendant's liability was limited by the notice, *Cole* v. *Goodwin* (19 Wend. 257); *Harris* v. *Peckwood* (3 Taunt. 264); *Hinton* v. *Lock* (5 Hill, 437); *Blossom* v. *Champion* (37 Barb. 554); *Dorr* v. *N. J. Steam Nav. Co.* (11 N. Y. 485); *Moriarty* v. *Harnden's Express Co.* (1 Daly, 227).

*George C. Barrett*, for respondent, on the same point, cited *Nevins* v. *Bay State S. Co.* (4 Bosw. 225); and on the point that the defendant was a common carrier, *Sweet* v. *Barney* (23 N. Y. 335.)

BY THE COURT.—DALY, F. J.—The delivery of the receipt by the defendant's agent after receiving the check for the plaintiff's baggage, was sufficient evidence of a delivery of the trunk to the defendant for the purpose of carriage. If it could not

Earle v. Cadmus.

be procured upon the steamboat on exhibiting the check for it, it was for the defendant to show it. As he offered no evidence upon that point, the presumption must be, that it was obtained, and as he did not deliver it, nor account in any way for its loss, the presumption must be, that it was lost through his negligence (*Arent* v. *Squire*, 1 Daly, 347).

The plaintiff was competent to testify as to the value of the articles contained in the trunk, which she had purchased herself, and both as respects them and the other articles, the testimony as to value, on the part of the other witnesses, was amply sufficient to warrant the finding of the justice on that point.

Without discussing the question, whether the defendant could, or could not, limit his liability, by the delivery of such a printed receipt to the plaintiff's agent, it is sufficient to say, that the condition was that the defendant would not be liable for an amount exceeding fifty dollars *upon any article*, and that no article contained in the trunk exceeded that amount in value; the highest valuation put upon any one article being $40.

The proof as to the custom of express companies, in limiting their liability, was immaterial, as the defendant relied upon the special acceptance, contained in his printed receipt.

The judgment should be affirmed.